97 F.3d 1463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan G. WILSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 95-35173.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 15, 1996.*
Decided Sept. 12, 1996.
 
 Before: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan G. Wilson appeals, pro se, the district court's dismissal of his complaint for lack of subject matter jurisdiction under the Feres doctrine. Feres v. United States, 340 U.S. 135 (1950). We have jurisdiction pursuant to 28 U.S.C. § 1331 and affirm.
 
 
 3
 Wilson served in the Army from February 1974 through January 1976. In September 1975, while on active duty Wilson was placed in a correctional custody facility for having been absent without leave. Wilson alleges that his Eighth Amendment right was violated when he was harassed and beaten while at the correctional facility, and that his Fifth Amendment right was violated when he was appointed legal counsel too late during a court-martial investigation.
 
 
 4
 In January 1976, he was discharged from the military. In 1992, the Board of Veterans' Appeals determined that he developed post traumatic stress disorder as a result of his alleged harassment and beating in the correctional facility.
 
 
 5
 In May 1994, Wilson filed suit in district court against the United States.
 
 
 6
 1. The Feres doctrine.
 
 
 7
 The Feres doctrine bars members of the armed services from suing the Government for injuries that "arise out of or are in the course of activity incident to service." Feres v. United States, 340 U.S. 135, 146 (1950); Atkinson v. United States, 825 F.2d 202, 204 (9th Cir.1987), cert. denied, 485 U.S. 987 (1988); United States v. Stanley, 483 U.S. 669, 684 (1987) (No Bivens remedy is available for injuries in military service). Because Wilson's injuries fall within the scope of the Feres doctrine, the district court properly dismissed his complaint.
 
 
 8
 2. Leave to Amend.
 
 
 9
 The district court did not grant the plaintiff leave to amend his complaint. This was not error as no amendment could have cured the Feres defect.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3